**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BO MAZZETTI; JOHN CURRIER; VERNON WRIGHT; GILBERT PARADA; STEPHANIE SPENCER; CHARLIE KOLB; DICK WATENPAUGH, <br><br> Defendants - Appellees. | No. 10-56521 <br><br> D.C. No. 3:09-cv-02330-WQH-POR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[**]

Appellant Rincon Mushroom Corporation of America (RMCA) challenges the district court's dismissal of RMCA's Complaint for failure to exhaust tribal remedies. RMCA argues that exhaustion is not required in this case because the tribal court plainly lacks jurisdiction. We agree, and reverse the district court.

In this case, exhaustion is not required because "it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay.'" *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009) (quoting *Nevada v. Hicks*, 533 U.S. 353, 369 (2001)). A tribal court plainly lacks jurisdiction where the basis of jurisdiction is not "colorable" or "plausible." *Id.* at 848 (citation omitted).

"As a general rule, . . . the tribe has no authority itself, by way of tribal ordinance or actions in the tribal courts, to regulate the use of fee land." *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 329 (2008) (citation and internal quotation marks omitted). In this case, it is *Montana*'s second exception to this general rule that is at issue. *See Montana v. United States*, 450 U.S. 544, 566 (1981). Under *Montana*'s second exception, "a tribe may

---

[**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

exercise 'civil authority over the conduct of non-Indians on fee lands within the reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. . . .'" *Plains Commerce*, 554 U.S. at 329-30 (quoting *Montana*, 450 U.S. at 566). In evaluating whether this case plainly falls outside of the scope of *Montana*'s second exception, we must keep in mind that "[t]hese exceptions are limited ones, and cannot be construed in a manner that would swallow the rule, or severely shrink it . . ." *Id.* at 330 (citations and internal quotation marks omitted).

The Tribe argues that the non-member fee land at issue could potentially contaminate the Tribe's water supply, or exacerbate a future fire that might damage the Rincon Casino. However, these possibilities do not fall within *Montana*'s second exception, which requires actual actions that have significantly impacted the tribe. *Compare id.* at 341 ("The sale of formerly Indian-owned fee land to a third party . . . cannot fairly be called 'catastrophic' for tribal self-government. . . .") (citation omitted); *and Strate v. A-1 Contractors*, 520 U.S. 438, 458-59 (1997) (ruling that tribal court jurisdiction over tort suits is not "needed to preserve the right of reservation Indians to make their own laws and be ruled by them") (citation and internal quotation marks omitted), *with Elliott*, 566 F.3d at 844, 849-

3

50 (holding that the tribal court had colorable jurisdiction where a non-Indian started a forest fire on reservation land).

To hold that the potential threats of harm presented on this record[1] give rise to tribal jurisdiction under *Montana*'s second exception would allow the exception to swallow the rule; any property within the Rincon Reservation faces similar potential threats. *See Plains Commerce*, 554 U.S. at 330. Because the potential threats did not create a plausible basis for tribal court jurisdiction, the district court erred when it dismissed RMCA's Complaint for failure to exhaust tribal remedies. *See Elliott*, 566 F.3d at 848.[2]

**REVERSED and REMANDED.**

---

[1]At oral argument, counsel for the Tribe urged us to send this case to the tribal court to afford the Tribe an opportunity to produce additional evidence in support of tribal jurisdiction. However, the Tribe had the burden to show tribal jurisdiction in the district court proceedings. *See Plains Commerce*, 554 U.S. at 330 ("The burden rests on the tribe to establish one of the exceptions to Montana's general rule that would allow an extension of tribal authority to regulate nonmembers on non-Indian fee land. . . .") (citation omitted).

[2]Our ruling here renders moot the district court's decision to dismiss the case rather than staying it.